# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DOUGLAS CRUZ, et al.,<br>　　Plaintiff(s),<br>v.<br>JOSEPH DECKER,<br>　　Defendant(s). | Case No.: 2:19-cv-00265-JAD-NJK<br>**REPORT & RECOMMENDATION**<br>(Docket No. 7) |

Pending before the Court is Defendant's motion to dismiss. Docket No. 7. The Court has considered Defendant's motion, Plaintiffs' response, and Defendant's reply.[1] Docket Nos. 7, 14, 17. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the Court **RECOMMENDS** that Defendant's motion be **GRANTED**.

## I. BACKGROUND

This case arises from workers' compensation payments. *See* Docket No. 4 at 2. Plaintiffs allege that, pursuant to the State of Nevada's workers' compensation scheme, they received lump-sum partial permanent disability ("PPD") payments between February 15, 2017, and December 4, 2017. *Id.* at 16–17. Plaintiffs allege that the present value ("PV") analysis used by insurers to calculate their PPD payments was incorrect because until December 4, 2017, the actuarial table used to calculate PV had not been updated since 1997. *See id.* at 4, 16–17.

---

[1] The Court did not, however, consider Defendant's reply filed in *Shannon, et al. v. Decker, et al.*, 2:17-cv-00875-JAD-GWF at Docket No. 25, which he inappropriately attempts to incorporate by reference in Section II(C) of his reply. *Sci. Games Corp. v. AGS LLC*, 2017 WL 3013251, at *4 n.8 (D. Nev. July 13, 2017). Most obviously, mass incorporation by reference flouts the page limitation requirements for motion practice. *See* Local Rule 7-3.

1

Plaintiffs sue Defendant, the former Administrator of the Division of Industrial Relations ("DIR"), in his individual capacity. *Id.* at 1. Plaintiffs allege that—pursuant to a state court order issued on February 15, 2017,[2] and Nevada statute amended on July 1, 2017[3]—Defendant had a duty to update the actuarial table but failed to do so. *Id.* at 9, 17. Plaintiffs sue Defendant pursuant to 42 U.S.C. § 1983, alleging that the incorrect PV analysis violated their Fourteenth Amendment rights. *Id.* at 20–22. First, Plaintiffs allege that Defendant violated their equal protection rights by failing to update the actuarial table because it meant that their lump-sum PPD payments were less than that of persons who received non-lump-sum PPD payments. *Id.* at 21–22. Second, Plaintiffs allege that Defendant violated their substantive due process rights by failing to update the actuarial table because it caused insurers to calculate their PPD payments using a faulty methodology. *Id.* at 20–21. Finally, Plaintiffs allege that Defendant violated their procedural due process rights because no method exists to review the correctness of their PPD payments and, further, a state-issued Form D-13 advised them that their PPD payments represented the PV of their partial permanent disability awards. *Id.*

Defendant moves to dismiss Plaintiffs' claim. Defendant submits that (1) Plaintiffs have failed to state a claim because the obligation to update the actuarial table had not been statutorily imposed before it was updated on December 4, 2017; (2) Plaintiffs have failed to show that state action caused their deprivations because private insurers, not the state, calculated their benefits; (3) Plaintiffs' allegations are grounded in state administrative law; (4) Plaintiffs have failed to allege personal participation by Defendant; and (5) Plaintiffs' Fourteenth Amendment claim lacks merit. *See* Docket No. 7 at 5–16. Defendant also raises a qualified immunity defense. *Id.* at 9–10; Docket No. 17 at 2–8. The Court's analysis begins and ends with qualified immunity.

**II.     STANDARDS**

Qualified immunity "shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights [that] a reasonable person would have

---

[2] *Administrator of the Division of Indus. Relations, Dep't of Business and Industry v. Dep't of Administration Hearings, et al.*, Case No. A-16-738866-J (February 15, 2017).

[3] NRS 616C.495(5) (2017).

known.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  The right must have been "clearly established at the time of the challenged conduct." *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014).  Whether a right is clearly established hinges on "whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *receded from by Pearson*, 555 U.S. 223.

"To be clearly established, a right must be sufficiently clear that *every* reasonable official would have understood that *what he is doing* violates that right." *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (quoting *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015)) (emphasis in *Hamby*).  A plaintiff need not cite a case "directly on point," but "precedent must have placed the . . . constitutional question beyond debate." *Id.* (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 740 (2011)).  Put otherwise, a defendant is entitled to qualified immunity when no precedent "'squarely governs'" the facts of the case, meaning that a court "cannot say that only someone 'plainly incompetent' or who 'knowingly violate[s] the law' would have . . . acted as [the official] did." *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).  Plaintiffs bear the burden of proving that the "right allegedly violated was clearly established at the time of the alleged misconduct." *Romero v. Kitsap Cty.*, 931 F.2d 624, 627 (9th Cir. 1991).

## III.  ANALYSIS

Plaintiffs submit that qualified immunity does not apply to Defendant because Defendant had a duty to update the actuarial table but failed to do so.[4]  Docket No. 17 at 2–14.  "Qualified immunity shields only actions taken pursuant to discretionary functions," not "non-discretionary or ministerial" duties.  *F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1314 (9th Cir. 1989).  Defendant submits that qualified immunity does apply to him because "[the state court order is not] clearly established law" and the amended statute mandated an annual revision process "after the statute's adoption," not "on the date the statute first became effective."  Docket No. 17 at 2–6.

---

[4] The parties agree that there was no duty to update the actuarial table before February 15, 2017.  *Compare* Docket Nos. 14 at 3 *with* Docket No. 17 at 2; *see also Shannon v. Decker*, 2018 WL 4088020, at *3 (D. Nev. Aug. 27, 2018).

### A. The State Court Order

Plaintiffs submit that the order "render[s] any qualified immunity claim by [Defendant] after February 15, 2017[,] unavailable as a matter of law." Docket No. 14 at 2. Plaintiffs' argument presents two gradations of a single point: that the state court order directed Defendant to update the actuarial table and that the state court order otherwise made clear that Defendant was required to update the actuarial table pursuant to NRS 616C.495(5), even before it was amended. *Id.* at 4–7. Defendant submits that Plaintiffs fail to allege that he personally disregarded the state court order and that the state court order is not "clearly established." Docket No. 17 at 2–4.

The Court agrees with Defendant that the state court order does not establish that it would be clear to a reasonable official that his alleged conduct was unlawful. Neither the state court order nor the administrative order that underlies it makes clear that Defendant himself had an obligation to update the actuarial table. In relevant part, the administrative order provided that "DIR [must] comply with NRS 616C.495(5) forthwith" and that "DIR does not have discretion to not conduct annual review of the" actuarial table to ensure that later PV analysis is accurate. *See* Docket No. 14 at 41. The state court order affirmed the administrative order and provided, in relevant part, that "DIR shall comply with [the administrative order]." *Id.* at 49. Thus, both orders pertained to DIR as a whole rather than Defendant personally. As for whether the state court order otherwise made clear that Defendant was required to update the actuarial table pursuant to NRS 616C.495(5), district court decisions rarely override claims of qualified immunity. *See Camreta v. Greene*, 563 U.S. 692, 709 n. 7 (2011). Indeed, as the Supreme Court has explained, "qualified immunity is lost when plaintiffs point either to cases of controlling authority in their jurisdiction at the time of the incident or to a consensus of cases of persuasive authority such that a reasonable [official] could have believed that his actions were lawful." *al-Kidd*, 563 U.S. at 746 (2011) (citations and internal quotation marks omitted). Thus, the Court finds that the state court order itself did not clearly establish the meaning of NRS 616C.495(5). Accordingly, the Court finds that the state court order did not affect Defendant's qualified immunity.

//

//

4

### B. The Amended Nevada Statute

Plaintiffs submit that NRS 616C.495(5), as amended on July 1, 2017, made clear that Defendant was required to annually update (rather than merely review pursuant to the pre-amended statute) the actuarial table "on July 1 of each year[.]" Docket No. 14 at 7. Plaintiffs also submit that Defendant violated that new requirement by not updating the actuarial table on July 1, 2017, the day the statute was amended. *Id.* at 8. Defendant submits that it is "absurd to argue that the annual revision process had to occur on the date the statute first became effective." Docket No. 17 at 5.

The Court finds that NRS 616C.495(5) does not establish that it would be clear to a reasonable official that Defendant's alleged conduct was unlawful. Although the statute makes clear that the update process of the actuarial table will happen annually on July 1, the Court finds it implausible for the revision to have occurred on July 1, 2017, the day NRS 616C.495(5) was amended. To overcome qualified immunity, Plaintiffs must prove that the statute was clearly violated, which they have not done. Accordingly, the Court finds that Defendant's failure to update the actuarial table on July 1, 2017, did not affect his qualified immunity.[5]

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the motion to dismiss be **GRANTED** and that this case be **DISMISSED**, as amendment would be futile. Docket No. 7.

Dated: January 31, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] Because the Court finds that Defendant is entitled to qualified immunity as to Plaintiffs' claim, the Court need not address Defendant's other dismissal arguments. *See, e.g.*, *Shannon v. Decker*, 2018 WL 4088020, at *3 n.17 (D. Nev. Aug. 27, 2018).

## **NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).